IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

AARON MAYRANT
an individual,

   Plaintiff,

    v.

DEUTSCHE BANK TRUST
COMPANY AMERICAS
as Trustee, et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:10-CV-3094-TWT

ORDER

This is an action for wrongful foreclosure. It is before the Court on the Defendants' Motion for Summary Judgment [Doc. 14]. For the reasons set forth below, the Court GRANTS the Defendants' motion.

I. Background

On October 20, 1998, the Plaintiff, Aaron Mayrant, obtained a mortgage from Wachovia Mortgage Company ("Wachovia"). The mortgage was secured by real property located at 4179 Nobleman Point, Duluth, Georgia (the "Property"). (See Aguirre Aff., Ex. A, B.) Wachovia assigned the security deed and note to The First National Bank of Chicago as Trustee on October 2, 1998. (Id., Ex. C.) On September

27, 2010, The First National Bank of Chicago assigned the security deed and note to Deutsche Bank Trust Company Americas ("Deutsche Bank"). (Id., Ex. D.) Defendant GMAC was the servicer on the loan.

The Plaintiff became delinquent on his loan. (Aguirre Aff. ¶ 7.) In February 2010, Mayrant was provided a trial repayment arrangement. (Id.) The Plaintiff, however, failed to make scheduled payments and the arrangement was canceled. In April 2010, Mayrant requested a loan modification. The modification was denied, however, because Mayrant was delinquent on his property taxes. (See id. ¶ 9 & Ex. E.)

Deutsche Bank ultimately hired the law firm of McCurdy & Candler, LLC to conduct a non-judicial foreclosure sale of the Property. The initial foreclosure sale was scheduled for September 7, 2010. Mayrant contacted GMAC on July 30, 2010 to determine whether he could reinstate his loan. GMAC informed the Plaintiff that he would have to make a full reinstatement payment before September 7, 2010. (Id. ¶ 11.) Although Mayrant failed to make the reinstatement payment, the September 7th foreclosure sale was postponed to consider Mayrant for a loan modification. (Id. ¶ 12.) The Plaintiff, however, failed to submit required documentation of actual income and was therefore denied a loan modification. (Id. ¶ 12.)

The Property was again scheduled to be sold in a non-judicial foreclosure sale on October 5, 2010. That sale was again postponed. The Property was rescheduled to go to a non-judicial foreclosure sale on December 7, 2010. On October 28, 2010, McCurdy & Candler mailed a "Notice of Foreclosure Sale," including a Notice of Sale Under Power, to the Plaintiff by first class and certified mail. (Olson Aff. ¶ 13 & Ex. D.) On November 11, 18, 25, and December 2, the Notice of Sale Under Power was advertised in the Gwinnett Daily Post. (See id., Ex. F.) Ultimately, however, the December 7th foreclosure sale was postponed. There is currently no foreclosure sale scheduled for the Property. (Aguirra Aff. ¶ 15.)

Mayrant filed this action for wrongful foreclosure, intentional infliction of emotional distress, and attorney's fees on August 19, 2010 [Doc. 1]. The same day, the Plaintiff also filed an Emergency Motion for Temporary Restraining Order and Injunctive Relief [Doc. 2]. The Defendants then removed the action to this Court. The Defendants have filed a Motion for Summary Judgment [Doc. 14]. The Plaintiff has not filed a response to the Defendants' motion.

## II. Summary Judgment Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

### III.  Discussion

#### A.  Wrongful Foreclosure

The Defendants have moved for summary judgment on the Plaintiff's wrongful foreclosure claim. First, no foreclosure sale has occurred, nor is one currently scheduled. (Aguirra Aff. ¶ 15.)[1] Thus, the Plaintiff's claim for wrongful foreclosure fails. To show wrongful *attempted* foreclosure, Mayrant must establish "a knowing and intentional publication of untrue and derogatory information concerning the debtor's financial condition, and that damages were sustained as a direct result of this publication." Aetna Finance Co. v. Culpepper, 171 Ga. App. 315, 319 (1984).

---

[1] The Plaintiff has not responded to the Defendants' Statement of Material Facts. Thus, the Defendants' Statement of Material Facts are deemed admitted. See L.R. 56.1(B)(2)(a)(2).

Here, Mayrant has not shown publication of untrue or derogatory information. The Plaintiff argues that "there is no recorded assignment of Plaintiff's mortgage to [Deutsche Bank]." (Compl. ¶ 10.) The note and security deed, however, were assigned by Wachovia to The First National Bank of Chicago on November 2, 1998. The note and deed were then assigned to Deutsche Bank on September 27, 2010. The assignment was recorded on October 1, 2010. (Aguirre Aff., Ex. D.) The security deed includes a power of sale provision. (Id., Ex. B.) This provision allows the Defendants to sell the Property in the event of a default. See Shiva Mgmt., LLC v. Walker, 283 Ga. 338, 340 (2008) (security deed granting power of sale gave secured party "the right, under the plain terms of the deed, to exercise its power of sale immediately upon [the debtor's] default."). Thus, the Defendants did not intentionally publish derogatory information by attempting to foreclose on the Property.

Next, the Plaintiff alleges that the name of the creditor was not listed on the Notice of Foreclosure. (Compl. ¶ 9.) The Notice of Foreclosure Sale, however, clearly lists "Deutsche Bank Trust Company Americas as Trustee" as the creditor. (Olson Aff. ¶ 13 & Ex. A.) The Plaintiff also claims that the Defendants did not "deal fairly with [him] relating to any foreclosure" and "refused to honor the contractual modification that was agreed to between the parties." (Compl. ¶¶ 13-14.) The Plaintiff, however, was delinquent on the loan. He received a trial repayment

arrangement, but failed to make payments under that arrangement. (Aguirre Aff. ¶ 8.) Nevertheless, Mayrant was given the opportunity to reinstate the loan before September 7, 2010. He failed to do so. Finally, after the Defendants postponed the September foreclosure sale, Mayrant failed to provide the proper documentation to obtain a loan modification. (Id. ¶ 12.) Thus, the Defendants have dealt with Mayrant fairly and have broken no contractual obligation. Indeed, the Defendants have merely exercised their contractual rights under the note and security deed. For these reasons, there is no issue of material fact as to the Plaintiff's wrongful attempted foreclosure claim.

### B. Intentional Infliction of Emotional Distress

The Defendants have moved for summary judgment on the Plaintiff's intentional infliction of emotional distress claim. To establish intentional infliction of emotional distress, "(1) the conduct must be intentional and reckless; (2) the conduct must be extreme and outrageous; (3) there must be a causal connection between the wrongful conduct and the emotional distress; and (4) the emotional distress must be severe." Kaiser v. Tara Ford, Inc., 248 Ga. App. 481, 488 (2001). Here, the Defendants' conduct was neither reckless nor extreme and outrageous. As discussed above, the Defendants exercised their contractual right to foreclose on the Property pursuant to the power of sale in the security deed. (See Aguirre Aff., Ex. B.)

In accordance with Georgia's foreclosure statute, the Defendants sent a Notice of Foreclosure Sale to the Plaintiff via first class and certified mail. See O.C.G.A. § 44-14-162.2. The Defendants also published the Notice in the Gwinnett Daily Post. See O.C.G.A. § 44-14-162. Further, no foreclosure sale is currently scheduled. For these reasons, there is no issue of material fact as to the Plaintiff's intentional infliction of emotional distress claim.

    C.    Attorney's Fees

Because the Plaintiff's substantive claims fail, his claim for attorney's fees also fails. See Professional Energy Mgmt., Inc. v. Necaise, 300 Ga. App. 223, 228-29 (2009).

### IV. Conclusion

For the reasons set forth above, the Court GRANTS the Defendants' Motion for Summary Judgment [Doc. 14].

SO ORDERED, this 16 day of May, 2011.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge